THE UNITED STATES

*vs.*

HENRY BUETE.

AT LAW.   DECIDED MAY 31, 1851.

WRIT OF ERROR TO THE CRIMINAL COURT OF THE DISTRICT OF
COLUMBIA.

J. HARTLEY CRAWFORD, Judge.

*Indictment for Perjury.*

1. In a trial for perjury it is proper to admit the affidavit of another party to be read to the jury, for the purpose of showing what the prisoner swore to. The evidence showing that it was on the same sheet of paper, and the prisoner's affidavit referred to the former affidavit in these words: "well acquainted with the within named Brown, who signed and swore to the within declaration."

2. The testimony of the Marshal, that a party named Brown evaded criminal process, without showing its connection with the prisoner's case, ought not to have been admitted, as it was not relevant to the issue, and may have injuriously prejudiced the case of the prisoner in the view of the jury.

P. R. FINDALL, Esq., Attorney for the U. S.

On the following indictment:

District of Columbia, County of Washington, to wit:

The jurors of the U. S., for the county aforesaid, on their oaths present that Henry Buete, late of the county aforesaid, laborer, falsely intended to defraud the U. S., and wickedly and maliciously contriving and intending to aggrieve and injure the heirs and legal representatives of one William Brown, deceased, on the 5th day of February, 1849, at the county aforesaid, came in his proper person before one, Samuel Grubb, the said Samuel Grubb being a Justice of the Peace, and for the County aforesaid, duly qualified and commissioned, and then and there in due form of law was sworn and took his corporal oath on the Holy Evangely of Almighty God, and then and there falsely swore on the Holy Evangely of Almighty God, (the said Samuel Grubb then and there having a lawful and competent power and authority to administer such oath) that one George F. Brown was the brother of William Brown, who was a first sergeant in Co. G, 3rd regi-

ment of Artillery, in the Army of the United States, and that the said William Brown was never married, and left no father or mother, brother or sister other than the said George F. Brown, whereas in truth and in fact the said George F. Brown was not the brother of the said Wm. Brown.

And the jurors aforesaid, on their oaths aforesaid, further present that the oath so taken falsely as aforesaid by the said Henry Buete was material, in order to enable the said George F. Brown to obtain from the government of the U. S. certain county land, to which the said Wm. Brown, the deceased, was entitled, and that the said oath so taken falsely as aforesaid was taken in support of a claim against the U. S.

And the jurors aforesaid, on their oaths aforesaid, further present that at the time of his taking the oath aforesaid, the said Henry Buete well knew that the said George F. Brown was not the brother of the said Wm. Brown.

And so the jurors aforesaid, on their oaths aforesaid, do say that the said Henry Buete, on the 5th of Feb., 1849, at the county aforesaid, before the said Samuel Grubb, Justice of the Peace as aforesaid, (he, the said Samuel Grubb, then and there having such powers and authority as aforesaid) by his own act and consent, and of his own most wicked and corrupt mind, in manner and form aforesaid, feloniously, falsely, wickedly, willfully and corruptly, did commit willful and corrupt perjury, and feloniously, wickedly, willfully and corruptly did swear falsely in support of a claim against the U. S., to the great displeasure of Almighty God, in contempt of the United States and their laws, to the evil and pernicious example of all others in the like case offending, against the form of the statute in such case made and provided, and against the peace and government of the U. S.

The exceptions to the rulings of the Judge of the Criminal Court are given in the opinion.

The jury brought in a verdict of guilty, and the defendant was sentenced to imprisonment, at labor in the penitentiary of the District of Columbia, for the period of four years.

Opinion of the Court delivered by Judge James Dunlop, as follows:

Opinion of the Court.

The first bill of exceptions in this record presents solely for review in this Court the correctness of the ruling of the Judge of the Criminal Court, in admitting on the trial before the jury the affidavits of George F. Brown, and of the prisoner Henry Buete and Albert Hoffer, of the 5th of February, 1849, as set forth in the record.

The indictment against Buete was for perjury, and averred the falsehood to be that George F. Brown was the brother of William Brown, an oath made to enable George F. Brown to obtain from the United States certain bounty land due to the representatives of the deceased William Brown, a soldier killed in battle, in the service of the United States, in the war with Mexico, on or about the 20th of August, 1847. The indictment further averred that George F. Brown was not the brother of William Brown, and that Buete well knew it when he took the false oath.

Buete's affidavit, in which Hoffer joined, was clearly admissible evidence to the jury—it was the basis of the prosecution—the United States could not prove the affidavit to be false, without first showing to the jury what the oath was, and what Buete had sworn to. George F. Brown's affidavit and Buete's affidavit, the evidence in the bill of exceptions shows were on the same sheet of paper, and Buete's affidavit refers to Brown's in these words, "well acquainted with the within named George F. Brown, who signed and swore to the within declaration, claiming bounty land, &c." Brown's affidavit therefore was admissible, if for no other purpose to explain and make certain to the jury what Buete had himself sworn to.

To this extent, and for this object, it cannot be said to be *resinter alios acta;* we see no error in the opinion of the Judge of the Criminal Court, as presented on the first bill of exception.

The second bill of exceptions, among other things, contains the following statement: "and the said United States, in order further to support the issue on their part, joined offered evidence tending to prove that at the last term of the Criminal Court of the District of Columbia, the Grand Jury for Wash_

ington County, in said District, found an indictment against the said George F. Brown, otherwise called George Brown, for false swearing in said affidavit, so made by him before Justice Grubb as aforesaid; and that said affiant fled from justice and has not appeared to answer to said indictment, which evidence the Court refused to allow to go to the jury, but ruled that the Marshal of the United States, for the District aforesaid, a witness in the cause on behalf of the United States, might be examined, and asked whether he had in his hands criminal process against the said George F. Brown, otherwise called George Brown, returnable to the present term of the said Criminal Court, and whether he had been able to find said defendant and serve said process on him, and thereupon the Court propounded said questions to Richard Wallack, Marshal and witness as aforesaid; and said witness answered that he had in his hands criminal process against one George F. Brown, otherwise called George Brown, returnable to the present term of the said Criminal Court, that he had endeavored, but had not been able after the most diligent enquiry to find said Brown and serve said process on him, and that said Brown had not appeared to said process and to the evidence of said Richard Wallack; the counsel for the prisoner objected, but the Court overruled said objection and allowed the said evidence to go to the jury, whereupon the prisoner, by his counsel, excepts, &c.''

The evidence thus admitted by the Judge, we think, was not relevant to the issue, and may have injuriously prejudiced the case of the prisoner in the view of the jury. It was more objectionable, vague and uncertain, than that offered by the United States, which the Judge had before properly rejected. In a separate indictment against Buete for perjury, as this was no act of Brown, could rightly prejudice the accused, unless he was connected with them by evidence. Even a conviction of George Brown for perjury, in the matter of his affidavit, would not, we suppose, be admissible evidence in a trial on this indictment against Buete, to establish the facts that George Brown was not the brother of William Brown, and that Buete knew the fact to be so when he took the alleged false oath. But however this may be, which we need not

now decide, it seems very clear that George F. Brown's evasion of criminal process in the hands of the Marshal, without showing what that process was, and its connection with Buete's case, and said Brown's neglecting to appear to it ought not to have been admitted on this trial against Buete for perjury.

The judgment of the Criminal Court must therefore be reversed and the cause remanded, with directions to the Criminal Court to award a *venire facias de novo*.